UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SAM D MARKET 1, INC., and
JOHN R REAL ESTATE, LLC,

    Plaintiffs,

v.                                                         Case No. 20-12509

SELECTIVE INSURANCE COMPANY
OF SOUTH CAROLINA,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO AMEND ANSWER**

Plaintiffs Sam D Market 1, Inc., and John R Real Estate, LLC, bring this action alleging breach of a commercial property insurance contract. (ECF No. 1, PageID.1.) Defendant Selective Insurance Company of South Carolina insured Plaintiff Sam D Market, who operated a business on the property. (*Id.*, PageID.3.) The policy named Plaintiff John R Real Estate, who owned a building on the property, as an additional insured. (*Id.*, PageID.4.) A fire destroyed the property, apparently through arson, and Defendant refused to reimburse Plaintiffs under the policy. (*Id.*, PageID.5; ECF No. 13, PageID.239 (describing how the son of both Plaintiffs' owner was criminally tried and convicted of arson); ECF No. 14, PageID.258-59 ("[The owner's] son . . . was connected to the fire.").)

Defendant filed an answer with affirmative defenses on October 28, 2020. (ECF No. 4.) The title of Defendants' affirmative defenses was mislabeled; the wrong insurance company was identified as the defendant. (*Id.*, PageID.190.) Defendant

moves to amend its answer to correct this mistake. (ECF No. 13.) In its motion, Defendant also seeks to add a new affirmative defense, alleging Plaintiff Sam D Market did not have an insurable interest in the property. (*Id.*, PageID.12-13.) Defendant asserts it is "probably not required to assert the . . . issue as an affirmative defense" but requests leave to add it to the answer "in the exercise of caution and to ensure that [P]laintiffs are properly advised." (*Id.*, PageID.13.) The matter has been fully briefed. (ECF Nos. 14, 15.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2).  For the reasons provided below, Defendant's motion will be granted.

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a pleading within twenty-one days of serving the pleading or, if a responsive pleading is required, within twenty-one days of the responsive pleading. However, once twenty-one days have passed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Consistent with the liberal pleading standards of federal court, Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires." *Id.*; *see* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1473 (3d ed. 1998). Underlying the rule is the principle that "cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require,

be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). This standard applies to all pleadings, both complaints and answers. *See Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (reviewing a motion to amend an answer).

Defendant filed its answer on October 28, 2020, no responsive pleading on Plaintiffs' part was required, and Defendant filed its motion to amend on December 30, 2020. At the time the motion was filed, more than twenty-one days had passed since Defendant had served Plaintiffs with the answer. Thus, Defendant must obtain leave from the court before amending the answer. *See* Fed. R. Civ. P. 15(a).

Plaintiffs do not assert that the proposed amendment is unduly delayed, prejudicial, or proposed in bad faith. *See Foman*, 371 U.S. at 182. Instead, Plaintiffs argue that the court should deny leave to amend because the affirmative defense is futile. (ECF No. 14, PageID.259-61.) Plaintiffs claim that the court, at this early stage, can find as a matter of law that Defendant's proposed defense fails.

Under Michigan law, court will not enforce an insurance contract if the insured does not a have real and direct economic interest in the subject matter of the contract. Michigan courts have provided various reasons for this doctrine. "Policies of insurance founded upon mere hope and expectation and without some interest in the property, or the life insured, are objectionable as a species of gambling." *VanReken v. Allstate Ins. Co.*, 388 N.W.2d 287, 291 (Mich. Ct. App. 1986) (quoting *Crossman v. Am. Ins. Co. of Newark, N.J.*, 198 Mich. 304, 164 N.W. 428, 429 (1917)). They are also believed to "present insureds with unacceptable temptation to commit wrongful acts to obtain payment." *A.B. Petro Mart, Inc. v. Ali T. Beydoun Ins. Agency, Inc.*, 892 N.W.2d 460,

3

465 (Mich. Ct. App. 2016) (quoting *Morrison v. Secura Ins.*, 781 N.W.2d 151, 152-53 (Mich. Ct. App. 2009)).

To have an insurable interest, the insured must derive "a direct, pecuniary loss" from the subject matter of the contract; the loss cannot be "indirect or sentimental." *A.B. Petro Mart, Inc.*, 892 N.W.2d at 465; *see also* 14 Mich. Civ. Jur. *Insurance* § 135 ("An insurable interest in an insurance policy is determined not by the label attached to the insured's property but by whether the insured will suffer a pecuniary loss due to the destruction of the property.").

Plaintiffs assert that Sam D Market "suffered a financial loss" because "it wasn't able to operate its business from the building" and "lost all of its improvements and betterments it made to operate it as a liquor store." (ECF No. 14, PageID.261.) No documentation is attached to Plaintiffs' response to substantiate these allegations. Plaintiffs further claim that "[Defendant] has presented no evidence that Sam D would not suffer a financial loss as a result of the fire damage to the building." (*Id.*) Plaintiffs have the Rule 15 standard confused. It is not Defendant's burden at the pleading stage to prove that it will eventually be successful in making its case. The liberal pleading standards of federal court are designed to allow the parties to engage in discovery and "tr[y] [cases] on their merits." *Moore*, 790 F.2d at 559. Notably, when a defendant opposes an amendment to a complaint on the grounds of futility, courts do not engage in a premature factual investigation but simply consider whether, as a matter of law, "the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quotations removed).

The court cannot hold that Defendant's proposed defense fails before the parties have engaged in discovery and before the court is provided with an actual record. Further investigation may show that Plaintiff Sam D Market, in fact, does not have a pecuniary interest in the property and an articulable financial loss from the fire. *See A.B. Petro Mart, Inc.*, 892 N.W.2d at 465; 14 Mich. Civ. Jur. *Insurance* § 135. Such a finding would not be novel or extraordinary. *See, e.g.*, *Secura Ins. Co. v. Pioneer State Mut. Ins. Co.*, 470 N.W.2d 415, 416 (Mich. Ct. App. 1991) (holding that tenants did not hold an insurable interest in property they occupied because they could find alternative housing and could bring a lawsuit directly against the property owner for any differential in rent). The proposed amendment is not futile, and Defendant's motion will be granted. Accordingly,

IT IS ORDERED that Defendant's Motion to Amend Answer (ECF No. 13) is GRANTED. Defendant shall file its Amended Affirmative Defenses by **March 5, 2021**.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 26, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 26, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-12509.SAMDMARKET.MotiontoAmendAnswer.RMK.RHC.docx